IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| BRIAN RAMSEY, ) | |
| ) | |
| Plaintiff, ) | |
| v.  ) | Case No. 2:23-cv-02468 |
| ) | |
| SNORKEL INTERNATIONAL, INC., ) | |
| ) | |
| Defendant. ) | |

**DEFENDANT'S MOTION TO COMPEL DISCOVERY
AND MEMORANDUM IN SUPPORT**

Pursuant to Rule 37, Defendant Snorkel International, Inc.[1] moves this Court to compel Plaintiff to provide supplemental answers, responses, and documents to Defendant's First Interrogatories and First Requests for Production of Documents ("RFP") to Plaintiff ("Discovery Requests"). Plaintiff's discovery responses and Supplemental Rule 26 Disclosures are deficient in a number of respects, which are attached as Exhibits A, B, and C.[2] In particular, Plaintiff has either failed to search or failed to preserve relevant and responsive information and documents for Interrogatories 1, 6, and 17, and RFP Nos. 20, 21, 23, 24, 51, 54, and 55, as set forth below.

**Introduction**

Defendant employed Plaintiff as an Online Technical Documentation Specialist from August 30, 2021, to November 3, 2021, when Plaintiff resigned. Eight days after resigning, Plaintiff filed a Charge of Discrimination on November 11, 2021. *See* Exhibit D.[3] With that, Plaintiff's preservation obligations promptly commenced after he resigned. Plaintiff asserts claims of race and age discrimination, retaliation, and common law retaliatory discharge.

---

[1]Snorkel International, Inc. is not a proper defendant. Snorkel International, LLC employed Plaintiff, not Snorkel International, Inc.
[2]Exhibit A is Plaintiff's Answers to Defendant's Interrogatory Answers; Exhibit B is Plaintiff's Responses to Defendant's RFPs; and Exhibit C is Plaintiff's Supplemental Rule 26 Initial Disclosures.
[3]Plaintiff contacted an employment lawyer the day he resigned, meaning his preservation obligations may have been triggered on the day he resigned. *See* Ex. E.

**Defendant's Good Faith Attempts to Confer with Plaintiff**

Defendant certifies that it has made reasonable efforts to confer with Plaintiff to resolve discovery issues and brings this Motion in accordance with Local Rule 37.2, as set forth below.

1. On December 11, 2023, Defendant served the Discovery Requests on Plaintiff.

2. On January 24, 2024, Plaintiff responded to Defendant's Discovery Requests and has produced only 67 pages of documents in this case. In each of Plaintiff's responses to Defendant's First RFPs, Plaintiff agreed to confer with Defendant regarding an electronic search protocol. *See* Ex. B, ¶¶ 1-55.

3. On January 31, 2024, Defendant's counsel emailed Plaintiff's counsel asking to confer on Plaintiff's electronic search and for Plaintiff to propose a search protocol.

4. On February 7, 2024, the parties unsuccessfully mediated this case.

5. On February 12, 2024, Defendant provided Plaintiff a letter identifying deficiencies with Plaintiff's responses and document production for the Discovery Requests and Rule 26 disclosure obligations. The letter asked for Plaintiff to provide a response by February 16, 2024. The same day, Defendant's counsel asked for Plaintiff's counsel's availability to discuss the letter.

6. On Wednesday, February 14, 2024, counsel for Defendant sent an email asking for Plaintiff's counsel's availability for a call, and if he would agree to an extension of Defendant's time to file a motion to compel discovery, which deadline was approaching on February 23, 2024.

7. Plaintiff's counsel indicated he was not available for a call during the week of February 14, 2024, but agreed he would not oppose Defendant's motion for a 30-day extension of its motion to compel deadline. Defendant's counsel again asked Plaintiff's counsel to propose dates and times for a call to discuss the letter.

8. On February 21, 2024, the Court granted Defendant an extension to March 15, 2024, to schedule a conference with the Court if the parties could not reach a resolution.

9.  On February 21, 2024, counsel for Defendant asked Plaintiff's counsel for his availability for a call and to propose an electronic search protocol, as Plaintiff had agreed to do.

10. On February 26, 2024, Defendant's counsel again asked for Plaintiff's counsel availability for a call.

11. On February 29, 2024, Plaintiff's counsel sent an email responding to Defendant's February 12 letter. The same day, Plaintiff offered that he was available on March 4 and 5 for a call. Defendant's counsel were not available on those dates but proposed a March 6 call.

12. On March 5, 2024, Defendant's counsel responded to Plaintiff's February 29 email detailing remaining discovery deficiencies and again requested Plaintiff's availability for a call.

13. Counsel for Defendant reached out to attempt to schedule a call with counsel for Plaintiff on March 7, March 8, and March 11, 2024.

14. On March 11, 2024, Plaintiff responded that he was available on March 12, 2024.

15. The parties conferred via telephone, on March 12, 2024. The parties were not able to resolve their discovery dispute regarding the Discovery Requests to Plaintiff.

### Plaintiff's Responses to Defendant's Discovery Requests

**Interrogatory 1** asked Plaintiff for information regarding each employer that Plaintiff has worked for during and after his employment with Defendant, including positions held, rates of pay and benefits received, dates of employment, and dates of unemployment. Plaintiff failed to identify his dates of employment for the only employer he identified, Grass Roots, benefits he receives at Grass Roots, and periods of unemployment. In answering Interrogatory 1, Plaintiff states that he is a landscaper working "when there is work available." *See* Ex. A.

**Interrogatory 6** asked for a list of all amounts of money Plaintiff has received from any source since January 1, 2021, to identify the reason and source for payment, and identify related documents. Plaintiff's answer provides total amounts for "wages, tips and other compensation"

3

and "unemployment compensation," but Plaintiff does not identify the reason for payment of the "wages, tips and other compensation," nor does Plaintiff identify related documents, as requested.

**Interrogatory 14 and RFP 20 and 23** asked Plaintiff for medical information, including a list of all health care providers he has consulted with since January 1, 2018, documents relating to his visits, and for a signed authorization for the release of medical records. Even though Plaintiff seeks emotional distress damages, Plaintiff has refused to provide this information.

**Interrogatory 17** asked Plaintiff to provide a statement and calculation of each item of damage Plaintiff is claiming, which Plaintiff is also obligated to provide under Fed. R. Civ. P. 26(a)(1)(A)(iii). Indeed, Plaintiff refers Defendant to his Rule 26 Disclosures but fails, in both his discovery responses and Rule 26 disclosures, to provide a calculation of damages sought. Plaintiff also fails to identify documents that contain information about Plaintiff's claimed damages, as requested through Interrogatory 17.

**RFP 21 and 24** asked Plaintiff to produce documents evidencing Plaintiff's earnings for the years 2021 to the present and to execute an authorization for the release of Plaintiff's employment records. To date, Plaintiff has only produced a single screenshot about his claim for unemployment benefits and a single pay statement from Grass Roots. Although Plaintiff agreed to provide a signed Employment Records Authorization for Grass Roots, he has failed to do so. Plaintiff refuses to provide a signed Employment Records Authorization for his previous employers before his employment with Defendant.

**RFP 51** asked Plaintiff to produce all documents of his efforts to secure alternative employment since January 1, 2021. To date, Plaintiff has not produced a single document.

**RFPs 54 and 55** asked Plaintiff to produce emails and social media activity relating to Plaintiff's claims, the Answer, and any other pleading. Plaintiff produced Facebook messages with three of Defendant's employees but failed to produce a relevant Facebook post that Plaintiff made

on the day he resigned, which post Defendant produced. Plaintiff's counsel refused to confer with Defendant's counsel on an electronic search during the March 12, 2024 telephone call.

### Argument

Under Rule 26, a party may "obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense and proportional to the needs of the case..." Fed. R. Civ. P. 26(b)(1). Defendant is entitled to relevant documents in Plaintiff's possession, custody, or control. *See* Fed. R. Civ. P. 34. "Relevance is broadly construed at the discovery stage of the litigation and a request for discovery should be considered relevant if there is any possibility the information sought may be relevant to the subject matter of the action." *Smith v. MCI Telecommunications Corp.,* 137 F.R.D. 25, 27 (D. Kan. 1991). Rule 37(a) allows parties seeking discovery to move for an order compelling an answer or production if the other party fails to answer an interrogatory under Rule 33 or fails to produce documents as requested under Rule 34.

    **1.    The Court Should Order Plaintiff to Provide a Damage Calculation and Supporting Documentation**

Under Rule 26, Plaintiff is required to provide a "computation of each category of damages claimed by the disclosing party—who must also make available for inspection and copying as under Rule 34 the documents or other evidentiary material . . . on which each computation is based, including materials bearing on the nature and extent of injuries suffered." Fed. R. Civ. P. 26(a)(1)(A)(iii). Further, in employment cases, "[t]he plaintiff's claim for back pay makes relevant all matters involved in the calculation of her interim earnings." *Teichgraeber v. Mem'l Union Corp. of Emporia State Univ.*, 932 F. Supp. 1263, 1266 (D. Kan. 1996).

Through Interrogatory 17, Defendant requested a calculation of each item of damages and for Plaintiff to identify documents containing information about Plaintiff's claimed damages. In response, Plaintiff referred Defendant to his initial disclosures. However, the disclosures provide only the total amount of the categories of damages Plaintiff seeks but does not provide any

calculations. *See* Ex. C. Information regarding Plaintiff's calculation and mitigation of damages is relevant, and indeed, pivotal in employment cases. *Teichgraeber*, 932 F. Supp. at 1266. Accordingly, this Court should compel Plaintiff to provide complete responses to Interrogatory 17 and supplement his Rule 26 Disclosures to comply with Fed. R. Civ. P. 26(a)(1)(A)(iii).

    **2.    Defendant Is Entitled to Discovery Regarding Plaintiff's Previous & Current Employers and Plaintiff's Duty to Mitigate**

RFP 24 asked Plaintiff to provide executed Employment Records Authorizations. While Plaintiff agreed to execute an Employment Records Authorization for his subsequent employer, Plaintiff refuses to execute an authorization for employers before his employment with Defendant.

A plaintiff can be compelled to provide information and documents for previous employment. *See Bennett v. Emerson Tool Co.*, No. CIV. A. 00–2335–JWL, 2001 WL 1155301 at *1 (D. Kan. May 21, 2001) (compelling plaintiff to provide information and documents about plaintiff's employment for two-year period prior to plaintiff's employment with defendant). Records from Plaintiff's previous employers are relevant because if Plaintiff worked for several employers for only a short period of time, it could affect Plaintiff's marketability in seeking employment elsewhere. Additionally, Plaintiff's previous employment records may reveal if Plaintiff has made similar complaints of discrimination to a previous employer, which impacts his claimed damages. *See Shirazi v. Childtime Learning Ctr., Inc.*, No. CIV-07-1289-C, 2008 WL 4792694, at *2 (W.D. Okla. Oct. 31, 2008).

Next, Plaintiff refused to provide information and documents about his mitigation efforts, including about his current employer, through Interrogatory Nos. 1 and 6 and RFP Nos. 21, 24, and 51. Because Plaintiff refused to provide his dates of employment, benefits he receives at Grass Roots, or dates of unemployment, which are all requested in Interrogatory 1, Defendant is left in the dark about when and how often Plaintiff is performing work for Grass Roots. Additionally, in answering Interrogatory 6, Plaintiff identifies only the total amounts for "wages, tips and other

compensation" and "unemployment compensation," but does not identify the reason for payment or identify related documents. Besides one pay statement from Grass Roots dated December 15, 2023, Plaintiff has failed to produce any documents reflecting his income from Grass Roots, which are requested through RFP 21. Since Plaintiff was able to produce the December 15, 2023, pay statement, surely other pay statements from Grass Roots are in his possession, custody, or control that can also be produced. Plaintiff has also failed to produce any Form W-2, 1099, 1099-G, tax returns, and other documents reflecting Plaintiff's income from 2021 to the present, as requested.[4]

Through RFP 51, Defendant requested mitigation documents. Plaintiff has failed to produce a single document. Oddly, despite not producing any documents, Plaintiff was somehow able to identify 20 positions[5] he applied for, including the name of the employer, position title, date he applied, and the salary of the position in answering Interrogatory 2. *See* Ex. A. Thus, at a minimum, Plaintiff should have mitigation documents for those 20 positions and Grass Roots. Notably, Plaintiff applied for 19 of the 20 positions after he filed his Charge of Discrimination, and thus, after his preservation obligations were triggered.

Without the foregoing, Defendant is prejudiced in its ability to support its failure to mitigate defense, defend against Plaintiff's damages claim, and test the veracity of the positions that Plaintiff identified in Interrogatory 2. Accordingly, Plaintiff should be compelled to fully answer Interrogatories 1, 6 and supplement his responses and production for RFPs 21, 24, and 51.

### 3. Defendant is entitled to Plaintiff's Medical Records

Plaintiff admits he is seeking garden variety emotional distress damages (Ex. C, Section C "Damages Computation") but has refused to provide medical information or execute a release of medical records in response to Interrogatory 14 and RFPs 20 and 23. The records are relevant,

---

[4] Plaintiff has completed an authorization for Defendant to obtain Plaintiff's tax returns, but Plaintiff did not fully complete the authorization so Defendant has not been able to obtain Plaintiff's tax returns.
[5] Plaintiff failed to provide information about his application to Grass Roots in answering Interrogatory No. 2 or 3.

because the records will reveal the existence of any concurrent conditions or stressors that may impact the causation and/or valuation of Plaintiff's alleged emotional distress. *See Owens v. Sprint/United Mgmt. Co.*, 221 F.R.D. 657, 659-60 (D. Kan. 2004). Medical records discovery is permitted in Kansas federal court even for garden variety emotional distress claims. *Id.*

Defendant is seeking records from January 1, 2018, to present, which includes the three years that precede Plaintiff's employment with Defendant. Courts commonly extend the scope of discovery of medical information in employment cases to a reasonable number of years both prior to and following such period. *See, e.g., James v. Newspaper Agency Corp.*, 591 F.2d 579 (10th Cir. 1979) (four years prior to liability period reasonable). Additionally, the Court has entered a Protective Order in this case, which addresses any potential privacy concerns. Plaintiff should be ordered to withdraw his objections and answer Interrogatory 14 and provide responsive records, including an executed medical records authorization, in response to RFPs 20 and 23.

### 4. The Court Should Order Plaintiff to Produce Relevant Emails & Plaintiff's Social Media

RFPs 54 and 55 request documents from Plaintiff's email accounts and social media. Despite identifying three personal email accounts in Interrogatory 15, Plaintiff has not produced a single email from any of the three email accounts. Defendant knows that Plaintiff used his personal email account(s) around the time of his two-month employment with Defendant, because that is how Defendant communicated with Plaintiff in offering him employment. Moreover, Plaintiff's communications with individuals (excluding his attorney) about the allegations in the Petition, Answer, or other pleading are discoverable because they will identify witnesses in this case and may include Plaintiff's characterization of events regarding the claims and defenses in this case.

Similarly, the request for Plaintiff's social media activity is clearly relevant because Plaintiff asserts discrimination and retaliation claims and seeks damages, including damages for purported emotional distress. *See, e.g., United States ex rel. Feaster v. Dopps Chiropractic Clinic*,

8

LLC, No. 13-1453, 2017 WL 957436 at *2 (D. Kan. March 13, 2017) (holding that social media that mentioned Defendants or her employment with Defendants was both relevant and discoverable); *Fox v. Transam Leasing, Inc.*, No. 12-2706, 2013 WL 5276111 at *2 (D. Kan. Sept. 18, 2013) (compelling social media production where plaintiffs failed to provide any evidence that their social media was lacking in relevant information); *EEOC v. Simply Storage Mgmt.*, 270 F.R.D 430, 435 (S.D. Ind. 2010) ("[I]t is reasonable to expect severe emotional or mental injury to manifest itself in some [social media] content, and an examination of that content might reveal whether onset occurred, when, and the degree of distress. Further, information that evidences other stressors that could have produced the alleged emotional distress is also relevant.")

Based on Plaintiff's answer to Interrogatory 15, Plaintiff maintained Facebook and LinkedIn accounts during the relevant time period. Defendant produced a Facebook post that Plaintiff made the day he resigned, which Plaintiff has not produced. Thus, it is clear that Plaintiff's social media profiles contain responsive material. As for Plaintiff's Facebook profile, Defendant provides instructions on how Plaintiff can download his profile, which can then be produced to Defendant. Defendant asks the Court to compel Plaintiff to use that download function to provide his Facebook account to Defendant and to compel Plaintiff to search and produce all responsive emails and social media activity in response to RFPs 54 and 55.

     **5.**    **Plaintiff's Counsel or a Third-Party Vendor at Plaintiff's Cost Should Be Compelled to Search Plaintiff's Sources of Evidence**

Based on the foregoing, Plaintiff has failed to engage in a reasonable and diligent search for responsive information and documents that are in his possession, custody, or control. Defendant's concern is heightened based on Plaintiff filing his Charge of Discrimination only eight days after Plaintiff's resignation, thereby promptly triggering his preservation obligation.

Indeed, based on the information Plaintiff provided and documents Defendant produced, there must be additional documents that Plaintiff either failed to produce or failed to preserve.

Specifically, the missing documents that Defendant knows must exist – or previously existed – include the Facebook post Plaintiff made on the day he resigned that he did not produce; Plaintiff was somehow able to identify 20 positions he claims that he applied to but fails to produce a single document related to those job search efforts; and besides a single pay statement, Plaintiff fails to produce a single document for his current employer.

For those reasons, Defendant requests that this Court order Plaintiff's counsel – or a third-party vendor at Plaintiff's cost – to conduct a reasonable and diligent search of Plaintiff's email accounts, social media, text messages, and any other sources of evidence for responsive and relevant documents in Plaintiff's possession, custody, and control. During the March 12, 2024 telephone call, Plaintiff's counsel admitted that he relied on his client to conduct his own searches. It is improper to place total reliance on a self-interested custodian to search and select what that custodian believes to be responsive records without any supervision from counsel. *See Pension Comm. of the Univ. of Montreal Pension Plan v. Banc of Am. Sec., LLC*, 685 F. Supp. 2d 456, 473 (S.D.N.Y. 2010), abrogated on other grounds by *Chin v. Port Auth. of N.Y. & N. J.*, 685 F.3d 135, 162 (2d Cir. 2012); *see also Claredi Corp. v. SeeBeyond Tech. Corp.*, No. 4-04-cv-01304 RWS, 2010 WL 11579710, at *4 (E.D. Mo. Mar. 8, 2010) ("Placing reliance on non-lawyer records custodians to self-collect documents without supervision by counsel is a practice which has been frequently questioned.")

## Conclusion

For the foregoing reasons, the Court should compel Plaintiff to conduct a reasonable and diligent search, provide complete responses, and supplement his production in response to the foregoing Discovery Requests to Plaintiff within 10 days of the Court's Order, as set forth above. Defendant also requests that the Court order Plaintiff to pay all reasonable attorney fees and costs incurred in bringing this Motion and for any other relief that this Court deems just and proper.

Respectfully submitted,

*/s/ Alyssa S. Gonnerman*
Alyssa S. Gonnerman KS #26743
Direct: 816.627.4410
E-Fax: 816.817.2824
agonnerman@littler.com
Bayli Martin, KS #28301
Direct: 816.627.4414
E-Fax: 816.817.2696
bamartin@littler.com
LITTLER MENDELSON, P.C.
1201 Walnut Street, Suite 1450
Kansas City, MO  64106

Patrick H. Hicks, *Pro Hac Vice*
Direct: 702.862.7700
E-Fax: 702.993.4587
phicks@littler.com
LITTLER MENDELSON, P.C.
3960 Howard Hughes Parkway
Suite 300
Las Vegas, NV 89169-5937
**ATTORNEYS FOR DEFENDANT**

## CERTIFICATE OF SERVICE

By signing below, I certify that Littler Mendelson, P.C. served the foregoing on Plaintiff (address below) via the Court's eFiling system this 15th day of March, 2024:

Gerald Gray II
G. Gray Law, LLC
104 West 9 Street
Suite 401
Kansas City, MO 64105
ggraylaw@outlook.com
**ATTORNEY FOR PLAINTIFF**

*/s/ Alyssa S. Gonnerman*
**ATTORNEY FOR DEFENDANT**

11