## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

**BRIAN RAMSEY,**

    **Plaintiff,**

    **v.**
                                                **Case No. 2:23-CV-2468-EFM-TJJ**

**SNORKEL INTERNATIONAL, INC.,**

    **Defendant.**

## MEMORANDUM AND ORDER

This matter is before the Court on Defendant's Motion to Compel Discovery (ECF No. 28). Defendant seeks an order pursuant to Fed. R. Civ. P. 37 compelling Plaintiff to provide supplemental responses to Defendant's Interrogatory Nos. 1, 6, 14, and 17 and Requests for Production Nos. 20, 21, 23, 24, 51, 54, and 55. Plaintiff argues Defendant's motion is brought without merit and lacks a lawful basis because Plaintiff has already indicated that he produced all documents he had and recognizes his duty to supplement. For the reasons set forth below, Defendant's motion is granted in part and denied in part.

### I.       Factual and Procedural Background

On October 17, 2023, Defendant removed this action to federal court. Plaintiff brings this action against Defendant for discrimination, retaliation, and unlawful harassment based on race and age during the course of his employment in violation of Title VII of the Civil Rights Act of 1964 and the Age Discrimination in Employment Act of 1967. Specifically, Plaintiff alleges Defendant 1) unlawfully denied Plaintiff employment opportunities based on his race and age; 2)

retaliated against him for reporting wrongful conduct of discrimination and retaliation; and 3) engaged in other related unlawful acts, conduct, and practices.

Defendant made reasonable efforts to confer as required by D. Kan. Rule 37.2 but experienced significant difficulty in its attempts to confer with Plaintiff. After being made aware of Plaintiff's failure to be available for good faith conferences with opposing counsel, the Court modified the normal D. Kan. Rule 37.2 procedure and did not require Defendant to request a discovery conference before filing its motion. On March 15, 2024, Defendant filed its Motion to Compel, and it is now fully briefed. On April 19, 2024, this Court held a telephone conference to discuss the parties' briefs and Plaintiff's supplemental answers served after Defendant filed its Motion to Compel.

## II.      Legal Standards

Federal Rule of Civil Procedure 37(a)(3)(B) permits a party seeking discovery to move for an order compelling an answer, designation, production, or inspection. The motion may be made if a party fails to produce documents as requested under Rule 34[1] or fails to answer an interrogatory submitted under Rule 33.[2] An evasive or incomplete disclosure, answer, or response is treated as a failure to disclose, answer, or respond.[3]

The party filing the motion to compel need only file the motion and draw the court's attention to the relief sought.[4] At that point, the burden is on the nonmoving party to support its

---

[1] Fed. R. Civ. P. 37(a)(3)(B)(iv).

[2] Fed. R. Civ. P. 37(a)(3)(B)(iii).

[3] Fed. R. Civ. P. 37(a)(4).

[4] *Williams v. Sprint/United Mgmt. Co.*, No. 03-2200-JWL, 2005 WL 731070, at *4 (D. Kan. Mar. 30, 2005).

objections with specificity and, where appropriate, with reference to affidavits and other evidence.[5]

Federal Rule of Civil Procedure 26(b)(1) sets out the general scope of discovery:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

The information sought must be nonprivileged, relevant, and proportional to the needs of the case to be discoverable.[6]

For discovery purposes, relevance is "construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on" any party's claim or defense.[7] Relevance is often apparent on the face of the discovery request and often dictates which party bears the burden of showing either relevancy or the lack thereof.  If the discovery sought appears relevant, the party resisting discovery has the burden to establish the lack of relevancy by demonstrating that the requested discovery (1) does not come within the scope of relevancy as defined under Fed. R. Civ. P. 26(b)(1), or (2) is of such marginal relevancy that the potential harm occasioned by discovery would outweigh the ordinary presumption in favor of broad disclosure.[8] Conversely, when the relevancy of the discovery request is not readily apparent on its face, the

---

[5] *Id.*

[6] *No Spill, LLC v. Scepter Candada, Inc.*, No. 2:18-CV-2681-HLT-KGG, 2021 WL 5906042, at *3 (D. Kan. Dec. 14, 2021).

[7] *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978).

[8] *Brecek & Young Advisors, Inc. v. Lloyds of London Syndicate 2003*, No. 09-CV-2516-JAR, 2011 WL 765882, at *3 (D. Kan. Feb. 25, 2011).

party seeking the discovery has the burden to show the relevancy of the request.[9] Relevancy determinations are generally made on a case-by-case basis.[10]

## III.     Conditional Objections

The Court notes that a majority of Plaintiff's responses include improper conditional and boilerplate objections. A conditional objection occurs when a party objects to a discovery request but then provides a response to such request "without waiving" the stated objection.[11] "Courts in this District have previously ruled that conditional objections are 'manifestly confusing (at best) and misleading (at worse [sic]), and [have] no basis at all in the Federal Rules of Civil Procedure.'"[12] In response to Interrogatory Nos. 1, 6, and 17 and Request for Production Nos. 21, 51, 54, and 55, Plaintiff objects on multiple grounds without any explanation but then states "without waiving these objections" and proceeds to provide a response to the interrogatories and requests. In his responses to these requests, Plaintiff does not indicate whether he is withholding documents based on these multiple, unexplained objections.[13] As a result, Plaintiff's responses are confusing and misleading. Therefore, Plaintiff must serve supplemental responses to Interrogatory Nos. 1, 6, and 17 and Request for Production Nos. 21, 51, 54, and 55 indicating whether he is withholding any responsive documents.[14]

---

[9] *Id.*

[10] *Id.*

[11] *D.M. by & through Morgan v. Wesley Med. Ctr. LLC*, No. 18-2158-KHV-KGG, 2019 WL 2067363, at *2 (D. Kan. May 9, 2019).

[12] *Id*. at *1 (citing *Sprint Commun. Co., L.P. v. Comcast Cable Commun., LLC*, No. 11-2684-JWL, 11-2685-JWL, 11-2686-JWL, 2014 WL 545544, at *2 (Feb. 11, 2014)).

[13] *See* Fed. R. Civ. P. 34(b)(c)("An objection must state whether any responsive materials are being withheld on the basis of [the] objection.").

[14] The Court also notes Plaintiff raises multiple objections to Defendant's requests in his Supplemental Answers. Although Plaintiff's objections are at issue in Defendant's motion to compel,

IV.     **Disputed Discovery**

A.     **Requests for Employment and Income History**

Interrogatory Nos. 1 and 6 and Requests for Production Nos. 21, 24, and 51 relate to Plaintiff's employment and income history.

i.     *Interrogatory No. 1*

Defendant's Interrogatory No. 1 states:

> Please state the name and address of each employer for whom you have worked and/or otherwise provided services for during and after your employment with Snorkel, including the position(s) you held at each employer and/or entity, your rate(s) of pay and benefits received at each employer and/or entity you were affiliated with, and your dates of employment at each employer and/or of affiliation with each entity. In addition, please identify any periods of self-employment and unemployment.

Plaintiff responded: "3 Grass Roots Lawn and Landscaping at 1916 S 38th St. Joseph, MO, 64507. Landscaper $16/hour when there is work available. Plaintiff does not know his dates of employment but is willing to execute an employment authorization for said records." Defendant argues Plaintiff's response is not sufficient as Plaintiff did not indicate his dates of employment, and a full response to Interrogatory No. 1 is relevant and necessary for determining the extent to which Plaintiff mitigated his damages in this case.

The Court finds Plaintiff's answer to Interrogatory No. 1 is insufficient. Plaintiff has not identified the dates of his employment with Grass Roots Lawn and Landscaping. In his response brief, Plaintiff does not object to the interrogatory but states he "did not have the information

---

Plaintiff fails to address most of these objections in his response brief. "[A] party fails to meet its burden to support its objections when it fails to address those objections in response to a motion to compel, leaving the Court 'without any basis to determine whether the objections are valid and applicable in light of the particular circumstances of the case.'" *AKH Co. v. Universal Underwriters Ins. Co.*, No. 13-2003-JAR-KGG, 2014 WL 2991130, at *2 (D. Kan. July 3, 2014) (quoting *Sonnino v. Univ. of Kansas Hosp. Auth.*, 221 F.R.D. 661, 670–71 (D. Kan. 2004)). Therefore, the Court will only address those objections discussed in Plaintiff's response brief.

requested and was not willing to speculate or guess." Even if Plaintiff does not know the exact date he began working for Grass Roots Lawn and Landscaping, it is within Plaintiff's power to contact his employer to determine this information. Therefore, the Court grants the motion to compel as to Interrogatory No. 1. Plaintiff has not fully answered Interrogatory No. 1 with respect to his dates of employment with Grass Roots Lawn and Landscaping. Plaintiff must supplement his answer to Interrogatory No. 1 to include at least the approximate date when he began this employment.

      ii.    *Interrogatory No. 6 and Request for Production No. 21*

Interrogatory No. 6 and Request for Production No. 21 request Plaintiff list all sources of income between January 1, 2021, to present and any document displaying such income, respectively. Plaintiff answered Interrogatory No. 6 as follows:

> [B]ased on Plaintiff's understanding of the interrogatory, he answers the portion he does not object to as follows:
>
> Wages, Tips and Other Compensation:…………..approximately $33,634 during the applicable period and;
>
> Unemployment Compensation:....................……..approximately $12,870 during the applicable period.

In response to Request for Production No. 21, Plaintiff states: "Without waiving these objections, as Plaintiff understands this Request and presently recalls, Plaintiff states as follows: See BR0001-BR0067." Defendant argues Plaintiff's response is insufficient because he does not identify the reason for the listed payments or identify related documents.

Defendant seeks to compel Plaintiff to fully answer and respond to Interrogatory No. 6 and Request for Production No. 21 by identifying the reason for the $33,634 payments received in wages, tips, and other compensation and identifying any document evidencing those amounts. Plaintiff argues he listed the categories as Defendant requested and produced documents in support

of his answer. Further, Plaintiff indicated in his response brief that during the parties' meet and confer conference, he communicated to Defendant that no documents or information are being withheld with respect to this request. During the April 19, 2024 telephone conference with the Court, Plaintiff's counsel clarified Plaintiff did not receive any income from any other source (i.e. worker's compensation or disability income) during the designated time frame.

As stated above with respect to conditional objections, the Court will require Plaintiff to supplement his answers to Interrogatory No. 6 and Request for Production No. 21 clarifying no information or documents are being withheld based on the numerous objections asserted. To the extent Plaintiff has any tax returns/documents or pay statements in his possession, custody, or control, he must also produce those documents to Defendant. Otherwise, if Plaintiff is not withholding any information or documents, the Court will not compel any further supplemental answer/response to Interrogatory No. 6 and Request for Production No. 21 beyond his statement that he is not withholding information. Therefore, Defendant's motion to compel is granted in part with respect to Interrogatory No. 6 and Request for Production No. 21.

### iii.     Request for Production No. 24

Request for Production No. 24 requests Plaintiff execute an authorization for the release of his employment records. Plaintiff objected to this request as outside the scope of Fed R. Civ. P. 34(b)(1), seeks documents and information protected by attorney-client privilege and work product, irrelevant and not reasonably calculated to lead to the discovery of admissible evidence, and is unduly burdensome. However, on the same day Plaintiff filed his response brief, Plaintiff provided a signed employment records authorization. Therefore, the motion to compel will be denied as moot as to Request for Production No. 24. The issue of sanctions will be addressed below.

                    iv.       *Request for Production No. 51*

     Request for Production No. 51 asks Plaintiff to produce "All documents that record, reflect, or document your efforts to secure employment and/or remunerative work, including self-employment, with any employer or entity you sought to be affiliated with since January 1, 2021." In response to Defendant's motion, Plaintiff does not support his objections to the request but states that he "has agreed to execute an employment records authorization, [but] no such document has ever been formally served upon [Plaintiff] until March 12, 2024, after the [meet and confer,] three days before [Defendant] filed their motion."

     Plaintiff's argument explaining why he did not produce responsive documents is not persuasive. An employment records authorization would not provide documents evidencing Plaintiff's efforts to find employment and/or remunerative work such as employment applications, resumes, cover letters, e-mails, and similar documents. An employment records authorization would only provide documents from an entity that employed Plaintiff, not those who denied Plaintiff employment. Here, Plaintiff is claiming back and future pay and emotional distress. Whether or not Plaintiff attempted to find new employment after Defendant terminated his employment directly relates to Defendant's failure to mitigate defense, and Plaintiff must produce any documents within his custody or control that show his efforts to obtain employment.[15]

     Therefore, the Court will grant the motion to compel as to Request for Production No. 51. Plaintiff must respond to Requestion for Production No. 51 and produce any documents evidencing Plaintiff's efforts to secure employment and/or remunerative work since January 1, 2021, through the date of this order.

---

[15] *Held v. Ferrellgas, Inc.*, No. 10-2393-EFM, 2011 WL 3896513, at *1 (D. Kan. Aug. 31, 2011) ("Plaintiff's efforts to find other employment are relevant to emotional distress and actual damages and mitigation efforts.").

### C.      Requests for Plaintiff's Medical Information

Defendant seeks supplemental responses from Plaintiff to Interrogatory No. 14 and Requests for Production Nos. 20 and 23 which relate to Defendant's requests for information and documents relating to Plaintiff's medical information. Interrogatory No. 14 requests Plaintiff list every doctor or other health care provider with whom he has consulted for any physical, mental, or emotional condition or for any other reason since January 1, 2018. Request for Production No. 21 requires Plaintiff produce all documents relating to Plaintiff's discussions with, visits to, or treatment by any physician or other health care provider. Request for Production No. 23 requests Plaintiff provide a signed authorization for the release of his medical records. Plaintiff objects to the requests, arguing his medical records are not relevant, and further states that there is no information responsive to these requests "as he has not consulted any medical providers for any conditions related to his mental or emotional state and also does not recall if he has been treated for any physical condition during said time."

Defendant seeks to compel Plaintiff to provide supplemental responses to Interrogatory No. 14 and Requests for Production Nos. 20 and 23 because the records are relevant to Plaintiff's claim for emotional distress damages. Defendant refers to *Owens v. Sprint/United Mgmt. Co.*, and argues medical records discovery is permitted in Kansas Federal court even for garden variety emotional distress claims.[16] However, this Court has recently rejected the argument that a bright-line rule exists for production of mental health records when a plaintiff has alleged garden variety emotional distress.[17] Instead, the Court will determine, on a case-by-case basis, whether the facts

---

[16] 221 F.R.D. 657, 659–60 (D. Kan. 2004).

[17] *Sweeney v. Ivanti*, Inc., No. 2:21-CV-2540-JAR-TJJ, 2022 WL 3444784, at *7 (D. Kan. Aug. 17, 2022).

and allegations at issue render the information/documents discoverable under the standards set forth in Fed. R. Civ. P. 26(b)(1).[18]

At the April 19, 2024, telephone conference, Plaintiff's counsel stated he is merely bringing a claim for garden variety emotional distress, and he will not be presenting any expert or treating physician testimony to support the claim for emotional distress. Plaintiff's counsel will only use Plaintiff's own testimony to support the claim. Given the fact that Plaintiff will not present expert or treating physician testimony and that Plaintiff claims he is not withholding any medical information or documents, the Court will sustain Plaintiff's relevance objection and will deny Defendant's motion to compel as to Interrogatory No. 14 and Requests for Production Nos. 20 and 23.

### D.      Request for Calculation of Damages

Interrogatory No. 17 requests Plaintiff provide a calculation for each item of damage requested, including the specific dollar amount claimed, the formula used to compute the amount, each person with knowledge or information related to the claimed damage, and each document that contains information that refers to the claimed damage. Plaintiff argues he is not required to provide an actual dollar amount for each separate category of damages he asserts.

During the April 19, 2024 telephone conference, the Court asked Defendant for clarification on Interrogatory No. 17. Defendant indicated the only calculation of damages it is interested in is lost wages in the form of back and front pay, and it could determine that calculation based on what Defendant paid Plaintiff and the income Plaintiff has received after Defendant terminated his employment. As stated above, the Court will compel Plaintiff to provide a supplemental response to Defendant's requests for wage and income history, as sought by

---

[18] *Id.*

Interrogatory Nos. 1 and 6 and Requests for Production Nos. 21 and 51. Plaintiff's wage/income from the end of his employment with Defendant to present day is relevant to Defendant's failure to mitigate defense. Thus, the Court will grant the motion to compel as to Interrogatory No. 17, including the calculation and itemized damages requested, and Plaintiff must use the supplemental responses from Interrogatory Nos. 1 and 6 and Requests for Production Nos. 21 and 51 to supplement his response to Interrogatory No. 17 and his Rule 26 initial disclosures.

      **E.**      **Request for Social Media Posts and Emails**

      Requests for Production Nos. 54 and 55 ask  Plaintiff to produce social media posts and electronic messaging that relate to Plaintiff's allegations in this case. Defendant seeks to compel Plaintiff's counsel, or a third-party vendor, to conduct a reasonable and diligent search of Plaintiff's email accounts, social media, text messages, and any other sources of evidence for responsive and relevant documents in Plaintiff's possession, custody, or control. Defendant argues Plaintiff has not diligently searched his electronic posts and messages because Plaintiff has not produced a Facebook post by Plaintiff on the date of his termination that Defendant has within its possession and Plaintiff has not produced a single email from his three email accounts. In response to Defendant's motion, Plaintiff does not support his objections to these requests for production but argues he provided all documents responsive to Requests for Production Nos. 54 and 55 that he had within his possession, custody, and control.

      During the April 19, 2024 telephone conference, Defendant clarified that it does not believe Plaintiff is withholding documents but is concerned that Plaintiff has not properly searched his own records. Defendant argues it is improper to place total reliance on a self-interested custodian,

and Plaintiff's counsel admitted that he relied on his client to conduct his own searches.[19] Although Plaintiff has failed to produce a Facebook post from the date of his termination, the Court does not find that warrants the use of a third-party vendor to search Plaintiff's social media and emails. Plaintiff claims he is not withholding any documents, but the Court will grant the motion to compel as to Requests for Production Nos. 54 and 55 and compel Plaintiff to conduct a diligent search, **with supervision by Plaintiff's counsel**, of his social media and email accounts for any further supplemental documents as it is evident he has not produced relevant documents. **Plaintiff's counsel must serve a signed declaration certifying that he has supervised a diligent search and review of Plaintiff's accounts and devices, including his Facebook account and all of Plaintiff's email accounts**.

However, if even after the additional review required by this order, Defendant still has concerns that Plaintiff has not completed a thorough search, Defendant may, at its own cost, retain a third-party vendor to search Plaintiff's social media and emails. Plaintiff shall cooperate with any such third-party vendor that Defendant may select, and the parties are reminded that all discovery in this case must be completed by June 21, 2024. On a different but related note, to the extent Defendant possesses a Facebook post that has not been produced to Plaintiff, Defendant must provide the post to Plaintiff.

## V.    Sanctions

Defendant requests that the Court order Plaintiff to pay all reasonable attorney fees and costs incurred in bringing this motion to compel and for any other relief that this Court deems just

---

[19] *See Claredi Corp. v. SeeBeyond Tech. Corp*, No. 4-04-cv-01304 RWS, 2010 WL 11579710, at *4 (E.D. Mo. Mar. 8, 2010) ("Placing reliance on non-lawyer records custodians to self-collect documents without supervision by counsel is a practice which has been frequently questioned.").

and proper. Plaintiff argues Defendant's request for sanctions should be denied because Plaintiff produced all of the documents he had and recognizes his duty to supplement.

Federal Rule of Civil Procedure 37(a)(5)(A) provides that when a motion to compel is granted in its entirety or when the requested discovery is provided after the motion to compel is filed, the court "shall, after affording an opportunity to be heard, require the party whose conduct necessitated the motion or the party or attorney advising such conduct or both of them" to pay the reasonable expenses and attorney fees incurred in making the motion, unless the court finds that the opposing party's conduct was "substantially justified, or that other circumstances make an award of expenses unjust." Federal Rule of Civil Procedure 37(a)(5)(C) also provides for the apportionment of reasonable expenses for the motion if it is granted in part and denied in part.

Although Plaintiff failed to provide some supplemental information and documents until after the motion to compel was filed, the Court finds that some of Plaintiff's objections are substantially justified and thus declines to order payment of Defendant's reasonable expenses incurred in making this motion.[20] However, the Court cautions Plaintiff that his continued use of improper boilerplate and/or improper conditional objections may warrant sanctions at a later date.

**IT IS THEREFORE ORDERED** that Defendant's Motion to Compel Discovery (ECF No. 28) is granted in part and denied in part as set forth herein.

**IT IS FURTHER ORDERED** that **by May 9, 2024**, Plaintiff must respond as ordered herein. The Court forewarned Plaintiff's counsel that he will need to act quickly upon his return from his international trip on May 6, 2024. Absent extraordinary circumstances, the Court will not grant any extensions of this deadline.

---

[20] *See* Fed. R. Civ. P. 37(a)(5)(A)(ii).

IT IS SO ORDERED.

Dated April 26, 2024 at Kansas City, Kansas.


Teresa J. James
U. S. Magistrate Judge